**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001052
04-MAR-2013
10:26 AM**

NO. CAAP-12-0001052

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MALIA C. MENDIGORIN, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-11-04967)

ORDER DENYING FEBRUARY 14, 2013 MOTION TO REMAND CASE FOR
SENTENCE AND ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of (1) Defendant-Appellant Malia C.
Mendigorin's (Appellant Mendigorin) February 14, 2013 motion to
remand case for sentencing, (2) the lack of any response by
Plaintiff-Appellee State of Hawai'i to Appellant Mendigorin's
February 14, 2013 motion to remand case for sentencing, and
(3) the record, it appears that we lack jurisdiction over
Appellant Mendigorin's appeal from the Honorable David W. Lo's
November 1, 2012 judgment against Appellant Mendigorin for
operating a vehicle under the influence of an intoxicant in
violation of HRS § 291E-61 (Supp. 2012), because the November 1,
2012 judgment is not an appealable final decision or judgment
under Hawaii Revised Statutes (HRS) § 641-12 (Supp. 2012).

"The right to an appeal is strictly statutory." <u>State v. Ontiveros</u>, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). The intermediate court of appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2012). HRS § 641-12 provides that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." It appears that the November 1, 2012 judgment is neither a final decision nor a final judgment because the sentencing has not taken place. We have previously held that a district court judgment is not final and appealable unless the sentence is final:

> Judgments of conviction are not final unless they include the final adjudication and the final sentence. In the instant case, the sentence imposed was not the final sentence because the district court expressly left open the possibility that its sentence of Kilborn might include an order requiring Kilborn to pay restitution. The court did not finally decide whether it would order Kilborn to pay restitution and, if so, in what amount. Consequently, the December 5, 2003 Judgment is not final and, because it is not final, it is not appealable.
>
> Accordingly, IT IS HEREBY ORDERED that the appeal from the December 5, 2003 Judgment is dismissed for lack of appellate jurisdiction.

<u>State v. Kilborn</u>, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005). In the instant case, the November 1, 2012 judgment is not final because neither the November 1, 2012 judgment nor any subsequent order imposes a sentence against Appellant Mendigorin. Consequently, the November 1, 2012 judgment is not an appealable final judgment under HRS § 641-12. Absent an appealable final judgment in the record on appeal, we cannot exercise appellate jurisdiction over appellate court case number CAAP-12-0001052.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. <u>Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action</u>. Without jurisdiction, a

court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawaiʻi 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Peterson v. Hawaii Electric Light Company, Inc., 85 Hawaiʻi 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawaiʻi 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994).  Therefore,

IT IS HEREBY ORDERED that we deny Appellant Mendigorin's February 14, 2013 motion to remand case for sentencing and, instead, we dismiss appellate court case number CAAP-12-0001052 for lack of jurisdiction.

DATED:  Honolulu, Hawaiʻi,  March 4, 2013.

Chief Judge

Associate Judge

Associate Judge

3